IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Case No. **06-cv-02551-JLK**

**BARRY F. SHESOL, M.D.**,

    Plaintiff,

v.

**I. V. HOUSE, INC., a Missouri corporation,**

    Defendant.

---

**ORDER ON MOTION TO DISMISS
AND ALTERNATIVE MOTION TO TRANSFER VENUE**

---

Kane, J.

Plaintiff Barry F. Shesol commenced this action against Defendant I.V. House, a Missouri corporation having its principal place of business in St. Louis, Missouri, seeking a declaratory judgment that Dr. Shesol is the inventor of U.S. Patent No. 6,526,981 ("the '981 Patent") and recovery of rewards, profits and other benefits related to I.V. House's commercialization of the '981 Patent. It is before me on I.V. House's Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue (Doc. 5), filed March 9, 2007.

Briefing on this Motion was stayed for more than nine months at the parties' request to allow them to engage in settlement negotiations. This stay expired by its terms on February 4, 2008, and briefing on the motion was completed on the same day upon I.V. House's filing of its Reply in support of the Motion. The Motion is, therefore, fully briefed and ripe for decision.

Having carefully considered the Motion, Plaintiff's response and Defendant's reply, and all applicable legal authorities, and being fully advised in the premises, I grant Defendant's Motion to Transfer Venue for the reasons stated below. My decision to order transfer of this action renders moot Defendant's alternative Motion to Dismiss.

## Discussion

Section 1404(a) of Title 28, United States Code, provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking to transfer a case pursuant to section 1404(a) has the burden of establishing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

The decision of whether to transfer lies within the sound discretion of the district court, *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978), based upon consideration of the following factors:

> [1] plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quotations omitted). "Where a transfer of an action would simply shift the inconvenience from one party to another, the transfer

should be denied." *Hirsch v. Zavaras*, 920 F. Supp. 148, 151 (D. Colo. 1996). Unless the balance of convenience is strongly in favor of the movant, the plaintiff's choice of forum will rarely be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

I.V. House asserts that transfer to the U.S. District Court for the Eastern District of Missouri is appropriate under § 1404(a) because: (1) Dr. Shesol consented to venue in the City or County of St. Louis, which is within the Eastern District of Missouri, in a Confidentiality Agreement executed by the two parties; (2) none of the witnesses I.V. House expects to testify reside in Colorado; (3) one of I.V. House's intended witnesses has an illness that would likely prohibit her from traveling to Colorado; (4) all of the documentary and other physical evidence regarding I.V. House's conception, design and development of the '981 Patent and it commercialization are located in St. Louis, Missouri; (5) the cost to I.V. House of transporting necessary witnesses and documentary and physical evidence to this district would be substantial; (6) based on current statistics, this case is likely to proceed to trial more quickly in the Eastern District of Missouri than in this district; and (7) the interests of justice are better served by transfer of this action because this case challenges the patent rights of a citizen of Missouri and all of the substantive acts involved in this case occurred in Missouri. I.V. House submitted the Declaration of Betty Rozier, its President, and other evidence in

support of its factual contentions. In addition, I.V. House notes that a related, later filed case between the parties is now pending in the Eastern District of Missouri.[1]

Dr. Shesol responds that his dispute with I.V. House does not arise from or relate to the Confidentiality Agreement cited by I.V. House, and asserts instead that their dispute implicates a second Confidentiality Agreement that does not contain a forum selection clause.[2] Dr. Shesol further identifies six Colorado residents, in addition to himself, that he anticipates calling as witnesses and asserts that the request for transfer should be denied because travel to Missouri would be inconvenient and expensive for them. Finally, Dr. Shesol argues that the interests of justice support venue in Colorado because the suit is based on I.V. House's alleged appropriation of ideas created in Colorado by a Colorado resident.

Considering the parties' arguments under the standard stated above, I find I.V. House has established that the balance of equities tips heavily in favor of transfer to the Eastern District of Missouri. All of Dr. Shesol's contacts with I.V. House, as well as the alleged appropriation of Dr. Shesol's ideas in the '981 Patent and its commercial embodiment, occurred in Missouri. The majority of witnesses with knowledge of I.V. House's development of the '981 Patent and its commercial emodiment, as well relevant documentary and other physical evidence, are located in Missouri. Although

---

[1] This related action was also stayed at the request of the parties until February 4, 2008.

[2] A copy of the second Confidentiality Agreement, executed on September 1, 1999, is Exhibit B to the Complaint.

4

Dr. Shesol identifies various Colorado residents as potential witnesses and describes their expected testimony in his response to I.V. House's motion, this account, unsupported by affidavit or declaration, is not evidence. *See Rivendell Forest Products, Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 993 (10th Cir. 1993). Even if this account were evidence, moreover, the testimony to be presented by several of the Colorado witnesses identified by Dr. Shesol appears cumulative and/or not directly related to the issues presented by this action. In addition, based on the current shortage of judges in this district and the caseload here as compared to the reported caseload in the Eastern District of Missouri, this case is likely to proceed more expeditiously in the latter court.

Accordingly, for the reasons stated above, I find that the inconvenience to I.V. House and the majority of witnesses to litigating this action in Colorado far outweighs the inconvenience to Dr. Shesol of proceeding in the Eastern District of Missouri. I therefore GRANT I.V. House's Motion to Transfer Venue and ORDER that this action be transferred to the Eastern District of Missouri, where it may be managed in conjunction with the related case between the parties, reported to be *I.V. House, Inc. v. Shesol*, Civil Action No. 07-cv-272 (filed February 6, 2007). I.V. House's alternative Motion to Dismiss is DENIED as moot.

IT IS SO ORDERED.

Dated this 13th day of February, 2008.

                                              s/ John L. Kane
                                              John L. Kane, Senior District Judge
                                              United States District Court